1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

SCOTT S.,[1]

            Plaintiff,

    v.

MARTIN O'MALLEY,

          Defendant.

Case No. 2:24-cv-00615-BNW

**ORDER**

This case involves review of an administrative action by the Commissioner of Social Security denying Scott S.'s application for disability benefits under Title II of the Social Security Act. The Court reviewed Plaintiff's Motion for Remand (ECF No. 10), the Commissioner's Cross-Motion to Affirm and Response (ECF No. 12), and Plaintiff's Reply (ECF No. 13). For the reasons discussed below, the Court denies Plaintiff's Motion and affirms the Commissioner's decision.

## I.       BACKGROUND

On November 12, 2020, Plaintiff filed for disability insurance benefits under Title II of the Social Security Act, alleging an onset date of October 1, 2019. ECF No. 8-1 at 23.[2] Plaintiff's claim was denied initially and upon reconsideration. *Id.*

A telephonic hearing was held before Administrative Law Judge ("ALJ") Lornette Reynolds on January 26, 2022. *Id.* On February 28, 2022, ALJ Reynolds found that Plaintiff was not disabled. *Id.* at 46. Plaintiff appealed that decision to the Appeals Council, which denied his request on June 3, 2022. *Id.* at 8. Plaintiff then commenced an action for judicial review under 42 U.S.C. § 405(g),[3] in which the parties at the district court agreed to remand for further

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

[2] ECF No. 8 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. All citations to the Administrative Record will use the CM/ECF page numbers.

[3]

1   proceedings. *Id.* at 709.

2        On remand, a telephonic hearing was held before ALJ Cynthia Hoover on July 11, 2023.

3   *Id.* at 709. On October 3, 2023, ALJ Hoover found that Plaintiff was not disabled. *Id.* at 726.

4   Plaintiff appealed that decision to the Appeals Council, which denied his request on February 1,

5   2024. *Id.* at 683. Plaintiff then commenced this action for judicial review under 42 U.S.C.

6   § 405(g) on March 28, 2024. *See* ECF No. 1.

7   **II.    STANDARD OF REVIEW**

8        Administrative decisions in Social Security disability-benefits cases are reviewed under

9   42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g)

10  provides that "[a]ny individual, after any final decision of the Commissioner of Social Security

11  made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may

12  obtain a review of such decision by a civil action. . . brought in the district court of the United

13  States for the judicial district in which the plaintiff resides." The Court may enter "upon the

14  pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the

15  decision of the Commissioner of Social Security, with or without remanding the cause for a

16  rehearing." 42 U.S.C. § 405(g).

17       The Commisioner's findings of fact are conclusive if supported by substantial evidence.

18  *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's

19  findings may be set aside if they are based on legal error or not supported by substantial

20  evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas*

21  *v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as

22  "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

23  reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d

24  1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.

25  2005). In determining whether the Commissioner's findings are supported by substantial

26  evidence, the Court "must review the administrative record as a whole, weighing both the

27  evidence that supports and the evidence that detracts from the Commissioner's conclusion."

28  2

*Reddick v. Chater*, 157 F. 3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence supports more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health & Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, the issue before the Court is not whether the Commissioner could have reasonably reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### A. Disability evaluation process and the ALJ decision

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected. . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual also must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the ALJ will make a finding of non-disability. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not

substantiated by objective medical evidence the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. The work also must have lasted long enough for the individual to learn the job and to have performed an SGA. If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then the ALJ makes a finding of non-disability. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

*Here*, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a).

At step one, the ALJ found that Plaintiff engaged in substantial gainful activity from October to December 2019 but that there had been a continuous 12-month period during which Plaintiff did not engage in SGA. ECF No. 8-1 at 712.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: peripheral neuropathy; spinal disorder; osteoarthrosis; other unspecified arthropathies; diabetes mellitus; depression; anxiety; trauma- and stressor-related disorders; and ADHD. *Id.* at 712–13.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 713–16.

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform light work but with the following limitations:

> He could occasionally climb ladders, ropes, or scaffolds; frequently climb ramps or stairs; occasionally stop; frequently kneel and crouch; and occasionally crawl; he is able to understand, remember, and carry out simple tasks with concentration, persistence, and pace for such work and sustain occasional contact with others, such as coworkers and the public.

*Id.* at 716–24.

At step four, the ALJ found that Plaintiff could not perform his PRW as a customer complaint clerk, sterilizer, driver's license examiner, or medical record clerk. *Id.* at 724.

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in the national economy that Plaintiff could perform, namely as a cleaner, marker, and counter attendant. *Id.* at 725. The ALJ then concluded that Plaintiff has not been under a disability from October 1, 2019, to the date of the decision. *Id.* at 725–26.

## III.   ANALYSIS

### A.   The ALJ's RFC determination is supported by substantial evidence

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because she found Dr. Akhavan's opinion only partially persuasive. ECF No. 10 at 6. According to Plaintiff, the ALJ's contention that Dr. Akhavan's opinion is not consistent with the record is mistaken because the record shows gait issues along with edema, atrophy, and diminished pulses and sensation. *Id.* But the Commissioner responds that the ALJ rightfully found Dr. Akhavan's opinion less persuasive because the record consistently demonstrated strength in Plaintiff's legs and favorable response to treatment, which is inconsistent with Dr. Arkhavan's finding that Plaintiff needed to sit most of the time. ECF No. 12 at 5–6.

An ALJ's decision to discredit medical opinion evidence must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The ALJ must "articulate. . . how persuasive" she finds "all of the medical opinions" from each doctor or other

source, 20 C.F.R. § 404.1520c(b), and "explain how [she] considered the supportability and consistency factors" in reaching these findings. *Id.* § 404.1520c(b)(2). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant. . . objective medical evidence." *Id.* § 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent. . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2). A medical opinion is less persuasive when it is not consistent with the other evidence. *Id.*

Here, the ALJ noted that Dr. Akhavan opined that Plaintiff "would be limited to sedentary work with the ability to stand and walk less than two hours, sit for at least six hours. . . never climb ladders or stairs; but occasionally perform balancing, stooping, kneeling, crouching, and crawling." ECF No. 8-1 at 723. She found that Dr. Akhavan's opinion was supported by his examination, but only found him partially persuasive because the opinion's limitations were inconsistent with the record. *Id.* She concluded that the record consistently demonstrated that Plaintiff's foot problems were treatable with routine, conservative measures and that this was inconsistent with Dr. Akhavan's "sedentary" limitation. *Id.* at 723–24.

Plaintiff claims that contrary to the ALJ's finding, Dr. Akhavan's opinion is consistent with the record because the treatment record shows diminished pulses, decreased sensation, edema, atrophy, and gait issues. ECF No. 10 at 6. Plaintiff is correct that the treatment record demonstrated weak pulses and decreased sensation. *See, e.g.*, ECF No. 8-1 at 444, 616–17, 1046, 1129. However, the ALJ cited ample treatment records showing normal gait and strength, as well as a lack of atrophy or edema. *See, e.g.*, *id.* at 473, 444, 569, 615–16, 641, 1046, 1129, 1159. One rational interpretation of such records is that a limitation to sedentary work is inconsistent with normal test results on a variety of metrics. *See Burch*, 400 F.3d at 679 (when the evidence will support more than one rational interpretation, the court must defer to the Commisioner's interpretation). Thus, the ALJ's holding that Dr. Akhavan's opinion is inconsistent with the record is supported by substantial evidence.

7

**B.  The ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's headache testimony**

The parties dispute whether the ALJ provided specific, clear, and convincing reasons in discounting Plaintiff's subjective symptom testimony. *Compare* ECF No. 10 at 7–12 *with* ECF No. 12 at 3–5.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Id.* (internal citation and quotation omitted). The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear, and convincing reasons for doing so." *Id.* (internal citation and quotation omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (citation omitted); *Thomas,* 278 F.3d at 958 (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, 278 F.3d at 959.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. ECF No. 8-1 at 722. However, the ALJ

found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ cited effectiveness of treatment, daily activities, and objective medical evidence to discount Plaintiff's symptom testimony. *Id.* at 722. The Court addresses each in turn.

### 1. *Effectiveness of Treatment*

The ALJ discredited Plaintiff's testimony, in part, because his symptoms improved with treatment. ECF No. 8-1 at 722. Plaintiff argues that this was not a sufficient reason for rejecting Plaintiff's testimony because improved symptoms does not equal an ability to function in the workplace. ECF No. 10 at 11. The Commissioner responds that the ALJ properly discounted Plaintiff's testimony given his positive response to treatment and improvement of symptoms. ECF No. 12 at 4–5.

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, "doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity." *Garrison*, 759 F.3d at 1017 (quotation and citation omitted). Evidence that medical treatment helped a claimant "return to a level of function close to the level of function they had before they developed symptoms or signs of their impairments. . . can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citation omitted).

Here, the ALJ found that Plaintiff had a "positive response to treatment with improvement of his symptoms" and that his "updated treatment records all reflect the same, with no major change in physical or mental symptoms." ECF No. 8-1 at 722. However, many of the records the ALJ referenced simply indicated that in terms of his psychological symptoms, Plaintiff "felt better" when he was taking medication or that his symptoms improved with treatment. *See, e.g.*, *id.* at 548, 554, 1210. Similarly, for Plaintiff's physical symptoms, the ALJ cited records that indicated he felt better after treatment, that his symptoms were responding to

treatment, and that his treatment was rendered without incident. *See, e.g.*, *id.* at 968–84; 999–1000. But as Plaintiff points out, reports of improvement must be "interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace." *Garrison*, 759 F.3d at 1017. "Caution in making such an inference is especially appropriate when no doctor or other medical expert has opined, on the basis of a full review of all relevant records, that a mental health patient is capable of working or is prepared to return to work." *Id.* at 1017–18. Because Plaintiff's treatment records do not indicate that his improvements translate to an ability to function in the workplace, this was not a specific, clear, and convincing reason for discrediting Plaintiff's testimony. *Id.* at 1018.

### 2. Daily Activities

The ALJ also discounted Plaintiff's symptom testimony because she found that Plaintiff is "independent in activities of daily living" and such activities are "inconsistent with being unable to work." ECF No. 8-1 at 722. But Plaintiff argues that the activities cited by the ALJ do not translate into the ability to engage in full-time work. ECF No. 13 at 3–4.

A plaintiff can be found disabled even if he is able to perform some activities of daily living. *See Garrison*, 759 F.3d at 1016. However, an ALJ can discredit a claimant's testimony when the claimant reports participation in activities that are "inconsistent with the alleged severity of her limitations." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 112–13 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a) (citations omitted).

Here, the ALJ listed several instances in which Plaintiff's daily activities were inconsistent with his alleged symptoms. *See Lingenfelter*, 504 F.3d at 1040. She noted that although Plaintiff referred to occasional memory loss and concentration difficulty, he was able to prepare simple meals, play video games, and drive. ECF No. 8-1 at 715. She also found that

despite his reports of racing thoughts and difficulty concentrating, Plaintiff's daily activities of carrying out personal care, driving, fixing breakfast for his child, and going to stores with his family were indicative of his ability to concentrate, persist, and maintain pace. *Id.* Finally, the ALJ stated that although Plaintiff's reported history of suicidal ideation may indicate a limitation in managing himself and adapting, Plaintiff was able to help with childcare; prepare simple meals; manage his medication with reminders on his phone; move to Nevada and restart therapy; and present himself as relaxed, attentive, communicative, and well groomed at appointments. *Id.* The ALJ therefore made a reasonable determination based on specific, clear, and convincing reasons that Plaintiff's daily activities were inconsistent with the alleged severity of his limitations. *Smartt*, 53 F.4th at 499.

### 3. *Objective Medical Evidence*

Finally, the ALJ found that Plaintiff's allegations were inconsistent with the objective medical evidence. ECF No. 8-1 at 722. Plaintiff contends that a lack of corroborating medical evidence cannot be the sole basis for rejecting Plaintiff's symptom testimony. ECF No. 10 at 11–12. But the Commissioner asserts that the ALJ properly discounted Plaintiff's testimony because it was inconsistent with the medical record. ECF No. 12 at 3–4.

Plaintiff is correct that the ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. "This means that an ALJ cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence 'fully corroborating' every allegation within the subjective testimony." *Smartt*, 53 F.4th at 495. However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Id.* at 498 (emphasis in original).

Here, the ALJ cited specific, clear, and convincing examples contrasting Plaintiff's subjective symptom testimony with objective medical evidence. *See id.* at 499. First, the ALJ noticed that although Plaintiff alleged considerable psychological limitations, the record

11

demonstrated that he had been consistently cooperative, friendly, fully oriented, and calm with good eye contact on exams. ECF No. 8-1 at 722. Next, she noted that despite Plaintiff's reported trouble with memory, he scored within normal limits on exams. *Id.* She also found that although Plaintiff referred to occasional memory loss and concentration difficulty, he was alert and oriented on exams and the record showed that his short-term memory was only mildly impaired, his thought process was goal directed, his speech was coherent, his memory was intact, he was able to respond to questions, and he was described as a "bright individual." *Id.* And while Plaintiff reported difficulty with paranoia, anxiety, irritability, and getting along with the public, the ALJ stated that the record showed that he was alert and fully oriented, cooperative, and had intact judgment and insight on nearly all medical visits. *Id.* Finally, the ALJ found that despite Plaintiff's reported difficulty with racing thoughts and concentration, he was alert and oriented on exams and able to complete tests assessing concentration and attention. *Id.*

Because Plaintiff's daily activities and the objective medical evidence constitute sufficient reasons for discounting Plaintiff's testimony, the ALJ's error in rejecting his testimony based on the effectiveness of treatment is harmless. *See Batson*, 359 F.3d at 1197 (holding that where one of an ALJ's several reasons supporting an adverse credibility finding is held invalid, the error is harmless if it "does not negate the validity of the ALJ's ultimate conclusion that [the claimant's testimony] was not credible"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid). Because the ALJ's opinion is supported by substantial evidence, the Court denies Plaintiff's Motion.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in

favor of the Commissioner and close this case.

DATED this 25th day of September 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

13